**UNITED STATES of America, Appellee,**

v.

**Burudi FAISON, Defendant-Appellant.**

**15-3727-cr**

United States Court of Appeals, Second Circuit.

November 21, 2016

FOR PLAINTIFF-APPELLEE: Charles P. Kelly (Susan Corkery, on the brief) Assistant United States Attorneys, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: Burudi Faison, pro se, Fort Dix, NJ.

PRESENT: José A. Cabranes, Rosemary S. Pooler, Barrington D. Parker, Circuit Judges.

## SUMMARY ORDER

Appellant Burudi Faison, proceeding *pro se*, appeals from the District Court's order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to deny a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014) (internal quotation marks and alterations omitted). When considering a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a district court must first determine whether the defendant is eligible for a reduction. *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013). If the defendant is eligible, the district court may exercise its discretion to reduce the original sentence after considering the applicable 18 U.S.C. § 3553(a) factors, id. and "the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise," *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011); *see Freeman v. United States*, 564 U.S. 522, 532, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) ("[E]ven where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate."). A defendant's post-sentencing conduct is an appropriate and sufficient justification for the denial of a sentence reduction. *See, e.g., United States v. Wilson*, 716 F.3d 50, 52-53 (2d Cir. 2013) (per curiam); *United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) (per curiam).

Here, the District Court did not abuse its discretion by denying Faison's motion. Although Faison was eligible for a sentence reduction, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." *Wilson*, 716 F.3d at 52 (internal quotation marks omitted). In considering whether a reduction was warranted in this case, the District Court considered the appropriate factors, particularly Faison's criminal history and prison disciplinary infractions, and reasonably denied his request for a reduction.

We reject Faison's argument that the District Court violated his Fifth Amendment right to equal protection by refusing to reduce his sentence. Faison's theory rests on a "class-of-one" equal protection claim, in which " 'the plaintiff alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' " *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)). Faison has not demonstrated that any potential comparators are "prima facie identical" to him, *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), and, in any event, we have concluded that the District Court had a rational basis for denying Faison's request—among other things, his individual criminal history and misconduct while imprisoned.

## CONCLUSION

We have considered all of Faison's remaining arguments and find them to be

without merit. Accordingly, we **AFFIRM** the order of the District Court.